## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

———————————

PHILLIP PATRICK BACA, MARY MOLINA
MESCALL, RON ROMERO AND
BERNADETTE MIERA,

      Plaintiffs,

      v.                                      No. 13 CV 0076 WJ/WPL

RICHARD J. BERRY, IN HIS OFFICIAL
CAPACITY AS MAYOR OF ALBUQUERQUE,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## ENTERING A STAY IN THIS CASE,
## and
## DEFERRING RULING ON DEFENDANT'S MOTION TO DISMISS WITH
## PREJUDICE and PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Without Prejudice, filed July 5, 2013 **(Doc. 23)** and Defendant's Motion to Dismiss With Prejudice, filed July 16, 2013 **(Doc. 25)**. Having reviewed the parties' briefs and applicable law, the Court finds that a stay is appropriate and that ruling is deferred on these motions until after the upcoming mayoral election.

### BACKGROUND

This case was initially filed in the Second Judicial District Court, County of Bernalillo, on January 17, 2013. The complaint seeks injunctive and declaratory relief to achieve a constitutionally acceptable and otherwise lawful redistricting of the Albuquerque City Council.

It is brought under Art. VI §13 of the New Mexico Constitution, the Equal Protection clauses of Art. II, §18, of the New Mexico Constitution, the Fourteenth Amendment to the United States Constitution, and Section 2 of the Voting Rights Act of 1965 (as amended), 42 U.S.C. §§. 1983 and 1988.  Defendants removed the case to federal court on January 24, 2013, based on federal question jurisdiction.

Plaintiffs seek voluntary dismissal without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.  Two weeks after Plaintiffs filed their motion, Defendant filed a motion to dismiss with prejudice. Plaintiffs' position is that their lawsuit may be premature, and Defendants' position, distilled to its essence, is that Plaintiff filed the complaint solely to draw media attention to alleged ethnic discrimination taking place in the election process in the upcoming November elections in the City of Albuquerque. Both motions raise the single question of whether this case should be dismissed with or without prejudice.

## DISCUSSION

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, an action may be dismissed at the plaintiff's request only by court order.  Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.  The decision whether to grant that request, or to instead dismiss the matter with prejudice, lies within the Court's discretion.  *Barber v. Gen'l Elec. Co.,* 648 F.2d 1272, 1275 (10th Cir. 1981).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, I*nc., 77 F.3d 354, 357 (10th Cir.1996) (quotation omitted).

There are several factors the district court should consider in ascertaining the "legal prejudice" the opposing party might suffer if the district court grants a motion to dismiss without

prejudice, and these are: the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant insufficient explanation of the need for a dismissal. *Phillips*, 77 F.3d at 358 (quoting *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993). A district court may also consider the present stage of litigation.  *Id.*

    A.    <u>Parties' Positions</u>

    Defendant seeks dismissal be with prejudice, contending that Plaintiffs have made serious substantive allegations in the complaint and the press, with the objective of preventing Defendant from using the redistricting plan passed by the City Council and signed by the Mayor in the upcoming fall elections.   The parties point fingers at each other, blaming the other party for delays in the discovery process.   Defendant claims that it alone has been responsible for moving the litigation along with regard to discovery, and that Plaintiffs have failed to prosecute this case and have disregarded the Court's scheduling orders.[1]  Plaintiffs have also requested voluminous discovery materials without showing the relevance of these documents.  Defendant also asserts various discovery abuses by Plaintiffs, such as untimely expert reports and last-minute changes to scheduled depositions without filing a notice of non-appearance.   However, the Court finds no evidence on the Court docket that Defendant ever sought formal judicial intervention for Plaintiffs' alleged failures to comply with the federal procedural rules.

    Defendant contends that Plaintiffs provide inadequate explanation for their request for dismissal without prejudice, noting that Plaintiffs' request for dismissal came shortly after their receipt of Defendant's expert report supporting the legality of the redistricting plan.  Defendant describes Plaintiffs' filing of the complaint as done "with great fanfare and publicity" (Doc. 28 at 1), after which Plaintiffs took "virtually no action after filing this matter and being sure that their

---

[1]  As  an example, Defendant offers Plaintiffs' failure to obey the court's March 25, 2013 Order Setting Pretrial Deadlines.  Doc. 25 at 7.

sweeping allegations were publicized." Doc. 28 at 1.  Because Defendant suspects that Plaintiffs have lost interest in pursuing the matter due to an inability to substantiate their claims, he seeks dismissal with prejudice as a sanction, under *Ehrenhaus v. Reynolds,* 963 F.2d 916, 921 (10th Cir. 1992), for failure to comply with this Court's Orders as required under Fed.R.Civ.P. Rule 16(f) and 37(d).  In an attempt to show that dismissal on the merits is appropriate, Defendant offers portions of an expert report by Brian Sanderoff, which pokes holes in Plaintiffs' allegations by demonstrating the success Hispanic candidates have had in past elections.

Plaintiffs, on the other hand, impute any delay in the discovery process to Defendant's reluctance in providing requested discovery information.  Plaintiffs refer to an e-mail generated by defense counsel meant for co-defense counsel, but which was inadvertently sent to Plaintiff's counsel, in order to show that Defendant is responsible for any lack of diligence that might exist. Doc. 26 at 13-14.  In response, Defendant provides documentation supporting the work-product nature of this e-mail, and claims that in full context, the e-mail would be evidence of Plaintiffs' lack of diligence, rather than Defendant's.  It is very clear to the Court that Plaintiffs' use of this e-mail is questionable at best under the Rules of Professional Conduct, particularly after reviewing the entire e-mail chain, as opposed to portions selected by Plaintiffs.  Doc. 28-1.

Plaintiffs also disagree with Defendant's charge of last-minute notices of non-availability, explaining that the notices were sent out a week before the depositions were scheduled, at the time Plaintiffs decided to file a motion to dismiss.  Plaintiffs also offer a viable explanation for seeking dismissal without prejudice, claiming that they did not want this lawsuit to interfere with the upcoming city elections and pointing to a change in the law which could render moot the present concerns they have with the current redistricting.  An amendment to the City Charter occurred in March after a special municipal election and subsequent to the filing of

the complaint, which will now mandate a runoff election whenever a candidate's vote total does not exceed 50% of the total number of votes.  Before this, the City Charter provided that winner-take-all for any candidate that received at least 40% of the vote.  Plaintiffs state that they decided to wait until after the election to ascertain whether the change in the political landscape in the City would necessitate further litigation, particularly as a result of the change in the City Charter.

Plaintiffs insist that the new runoff amendment will likely have a positive effect on the ability of Hispanics to elect the representatives of their choice in each of the marginal districts Plaintiffs point out that Mayor Berry, the named Defendant in this case, and not the candidate of choice of the minority community, won his election as Mayor in 2009 with 43.82 % of the vote while two candidates (preferred candidates of the minority community) split 56% of the vote. Under the new law in the next election, Defendant Berry would not win with 44% of the votes, but instead would have to go into a second round of elections against a preferred candidate of the minority community where those candidates had previously garnered 56% of the vote.   In such a scenario, the new Charter amendment could be viewed as a remedy for the alleged constitutional deficiencies in the redistricting map.

Defendant contends that if the change in the City Charter precipitated Plaintiffs' decision to dismiss their case, Plaintiffs should have requested dismissal shortly after the change occurred in March instead of waiting until July to do so. Defendant also argues that the Charter amendment will not, as Plaintiffs contend, benefit Hispanics or any other minority group because the new runoff provision will favor any group of voters who happen to split their votes between like-minded candidates in an election in which no candidate obtains the 50% threshold.  *See Thornburg v. Gingles*, 478 U.S. 30, 49-50  (1986)  (. . . the greater the degree to which the electoral minority is homogeneous. . . and the greater the degree that bloc voting occurs along

majority-minority lines, the greater will be the extent to which the minority's voting power is diluted by multimember districting"). Defendant's argument (characterized by Defendant as "simple logic") has some appeal, especially since in the current political landscape, the split would occur among Hispanic voters, who would be the favored group under the new amendment.

      B.    <u>A Stay Is Warranted in the Case Until After the Election</u>

At this point, the record is insufficient to warrant dismissal with prejudice.  Defendants have not offered sufficient evidence that Plaintiffs should be punished for filing this lawsuit.  At the same time, the Court finds that granting Plaintiffs' motion to dismiss the case without prejudice is not the best recourse to take, either.  Instead, the Court will enter a stay on this case, and defer ruling until after the upcoming mayoral election.

The Court finds that a stay prejudices neither and benefits judicial economy. *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (granting of the stay ordinarily lies within the discretion of the district court); *Moses H. Cone Hosp. v. Mercury Construction Corp*., 460 U.S. 1, 20 n. 23 (1983) (court has discretion to control its docket for purpose of economy of time and effort for itself, counsel and for litigants).  Plaintiff claims that the Charter amendment may render further legal action unnecessary, and if this is so, then Plaintiff would have no need to continue to prosecute this case, and the case would be dismissed with prejudice at that time.  On the other hand, should the election not remedy Plaintiffs' concerns with the current redistricting, then Plaintiffs will be free to pursue the litigation without having to re-file the case.  Defendants claim that a "stigma" has been created by Plaintiffs' allegations concerning the legality of the district divisions.  If so, the harm has already been done.

**CONCLUSION**

In sum, the Court finds and concludes that a stay on all proceedings is appropriate in this case.  After the conclusion of the mayor's race, the Court will hold a status conference, and the parties shall advise the Court how they wish to proceed.   In particular, Plaintiffs shall be prepared to advise the Court whether, given the results of the mayoral election, they still wish to pursue litigation on the allegations raised in the complaint.

       **THEREFORE,**

       **IT IS ORDERED** that a STAY is hereby entered in this case on all proceedings;

       **IT IS FURTHER ORDERED** that ruling is deferred on Plaintiff's Motion to Dismiss Without Prejudice (**Doc. 23**) and Defendant's Motion to Dismiss With Prejudice (**Doc. 25**) until the Court holds a status conference after the mayoral election and determines whether this case should be dismissed or whether it will proceed.

_____

UNITED STATES DISTRICT JUDGE