IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

_____

PHILLIP PATRICK BACA, MARY MOLINA
MESCALL, RON ROMERO AND
BERNADETTE MIERA,

       Plaintiffs,

       v.                                       No.  13 CV 0076 WJ/WPL

RICHARD J. BERRY, IN HIS OFFICIAL
CAPACITY AS MAYOR OF ALBUQUERQUE,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**
**and**
**DENYING PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE**

THIS MATTER comes before the Court upon Plaintiff's Motion to Dismiss Without Prejudice, filed July 5, 2013 **(Doc. 23)** and Defendant's Motion to Dismiss With Prejudice, filed July 16, 2013 **(Doc. 25)**. Having reviewed the parties' briefs and applicable law, the Court denies Plaintiff's motion and grants Defendant's motion.

**BACKGROUND**

This case was initially filed in the Second Judicial District Court, County of Bernalillo, on January 17, 2013.  The complaint seeks injunctive and declaratory relief to achieve a constitutionally acceptable and otherwise lawful redistricting of the Albuquerque City Council. It is brought under Art. VI §13 of the New Mexico Constitution, the equal protection clauses of Art. II, §18, of the New Mexico Constitution, the Fourteenth Amendment to the United States Constitution, and Section 2 of the Voting Rights Act of 1965 (as amended), 42 U.S.C. §§. 1983

and 1988.  Defendants removed the case to federal court on January 24, 2013, based on federal question jurisdiction.

Plaintiffs seek voluntary dismissal without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure.  Two weeks after Plaintiffs filed their motion, Defendant filed a motion to dismiss with prejudice. Plaintiffs' position is that their lawsuit may be premature, and Defendants' position, distilled to its essence, is that Plaintiff filed the complaint solely to draw media attention to alleged ethnic discrimination taking place in the election process in the upcoming November elections in the City of Albuquerque. Both motions raise the single question of whether this case should be dismissed with or without prejudice.

On September 30, 2013, the Court entered a stay in this case and deferred ruling on both motions until after the conclusion of the mayoral race, at which point the parties would advise the Court whether, based on the results of the mayoral election, they still wished to pursue litigation on the allegations raised in the complaint.  Doc. 30.

### DISCUSSION

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, an action may be dismissed at the plaintiff's request only by court order.  Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice.  The decision whether to grant that request, or to instead dismiss the matter with prejudice, lies within the Court's discretion.  *Barber v. Gen'l Elec. Co.,* 648 F.2d 1272, 1275 (10th Cir. 1981).  "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, I*nc., 77 F.3d 354, 357 (10th Cir.1996) (quotation omitted).

There are several factors the district court should consider in ascertaining the "legal prejudice" the opposing party might suffer if the district court grants a motion to dismiss without prejudice, and these are: the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant insufficient explanation of the need for a dismissal. *Phillips*, 77 F.3d at 358 (quoting *Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir. 1993). A district court may also consider the present stage of litigation.  *Id.*

Following the mayoral election, the Court held a telephonic status conference on November 12, 2013.  Doc. 33.   Plaintiffs advised the Court that there was also an upcoming election for councilperson, and suggested continuing the stay until a later date, when the underlying legal issue could become moot.   The Court continued the stay, over Defendant's opposition.   A second telephonic status conference was set for December 11, 2013, which did not occur due to the Court's scheduling conflicts.[1]  However, it was ascertained that the parties still maintained their positions respective to the nature of dismissal.

At this point, the Court does not see any benefit to further briefing or discussion. Defendant suspects that Plaintiffs filed this lawsuit to cast the current redistricting plan in a negative light for minority voters, and that they may intend to continue to file similar lawsuits in the future with a similar objective.  It may well be that the filing of this lawsuit was political posturing on Plaintiffs' part, but the Court will not dismiss this case with prejudice on that basis, or as a sanction under either Rule 16(f) or 37(d).

However, dismissal with prejudice is nevertheless appropriate because it is apparent that there is no longer a case to pursue.   In their briefs, Plaintiffs represented that they had a reasonable explanation for voluntary dismissal, which was:

---

[1]  The Court vacated this second hearing because, at the time it was scheduled, the Court was in criminal hearings which had required more time than expected.

to assure that this Complaint would not interfere with the upcoming elections in the City of Albuquerque and to ascertain whether the change in the political landscape in the City of Albuquerque necessitated further litigation. *The new election will help in making that determination*.

Doc. 26 at 3-4 (emphasis added).   In other words, the results of the upcoming election were meant to determine whether further legal action was necessary, based on the implementation of the Charter amendment.   The converse would also be true in that if the election did not remedy Plaintiffs' concerns with the current redistricting, then Plaintiffs will be free to pursue the litigation without having to re-file the case.

Plaintiffs' representations would seem to be disingenuous if, after the Court entered a stay of this case through two elections in order to allow Plaintiffs time to determine whether there remained an issue to litigate, Plaintiffs still cannot make a decision about whether they have a meritorious lawsuit or not.   While this case has not been tried on the merits, Plaintiffs have been given sufficient opportunity to determine if they have a basis to pursue an action for unlawful redistricting of the Albuquerque City Council.   The fact that Plaintiffs have not budged from their earlier position lends some support to Defendants' earlier contention that, if the change in the City Charter precipitated Plaintiffs' decision to dismiss their case, Plaintiffs should have requested dismissal shortly after the change occurred in March instead of waiting until July to do so, at a time closer to the mayoral election.   Instead, the Court based its earlier decision on Plaintiffs' representations that the outcome of the elections would determine whether the underlying issues had become moot.   Plaintiffs apparently do not want to admit that there is no merit to the underlying case, and yet do not wish to pursue litigation, even though the purpose of the stay was to give Plaintiffs the time to make that exact determination.   For these reasons, the Court DISMISSES the case WITH PREJUDICE.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Dismiss Without Prejudice **(Doc. 23)** is hereby DENIED and Defendant's Motion to Dismiss With Prejudice **(Doc. 25)** is GRANTED for reasons described in this Memorandum Opinion and Order.

A Judgment will be entered separately.

_____
UNITED STATES DISTRICT JUDGE