IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP PATRICK BACA
MARY MOLINA MESCALL
RON ROMERO AND
BERNADETTE MIERA,

    Plaintiffs,

v.                                        No. 13CV0076 WJ/WPL

RICHARD J. BERRY,
IN HIS OFFICIAL CAPACITY AS
MAYOR OF ALBUQUERQUE

    Defendant.

## ORDER AWARDING COSTS

**THIS MATTER** comes before the Court upon Defendant's Motion for Attorneys' Fees, Expert Fees, and Costs, filed January 17, 2014 **(Doc. No. 37)**. Having considered the parties' briefs, the oral argument presented at the hearing conducted on May 12, 2014 and the applicable law, the Court finds that Defendant's request for costs is well-taken and, therefore, is GRANTED.[1]

### Background

Plaintiffs originally filed this lawsuit in the Second Judicial District Court, County of Bernalillo, State of New Mexico on January 17, 2013. The complaint sought injunctive and declaratory relief to achieve a constitutionally acceptable and otherwise lawful redistricting of the Albuquerque City Council. The case was brought pursuant to Art. VI §13 of the New Mexico Constitution, the equal protection clauses of Art. II, §18, of the New Mexico

---

[1] The Court will set forth its decision on Defendant's request for attorneys' fees in a separate order which the Court will file sometime within the next thirty days.

Constitution, the Fourteenth Amendment to the United States Constitution, and Section 2 of the Voting Rights Act of 1965 (as amended), 42 U.S.C. §§ 1983 and 1988. Defendant properly removed the case to federal court on January 24, 2013, based on federal question jurisdiction.

Plaintiffs sought voluntary dismissal without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure on July 5, 2013. Two weeks after Plaintiffs filed their motion, Defendant filed a motion to dismiss with prejudice. Plaintiffs' position is that their lawsuit may be prematurely filed and Defendants' position, distilled to its essence, is that Plaintiff filed the complaint solely to draw media attention to alleged ethnic discrimination in the election process in the upcoming November elections in the City of Albuquerque.  On September 30, 2013, the Court entered a stay in this case and deferred ruling on both motions until after the conclusion of the mayoral race, at which point the parties would advise the Court whether, based on the results of the mayoral election, they still wished to pursue litigation on the allegations raised in the complaint. See **(Doc. No. 30)**.  The Court ultimately dismissed this matter with prejudice.  See **(Doc. No. 35)**.

After the final judgment was entered, Defendant moved for an award of attorneys' fees and costs.  Plaintiffs, not surprisingly, filed a response in opposition **(Doc. 39)** focusing primarily on whether awarding Defendant, as the prevailing party, the $350 filing fee as an allowable cost was appropriate under Fed. R Civ. P. 54.  At the hearing on this matter, Plaintiffs offered no explanation for their failure to address the attorneys' fees issue.

## Discussion

Fed. R. Civ. P. 54(d)(1) provides that a Court may award costs, other than attorneys' fees, to the prevailing party.  See Fed. R. Civ. P. 54(d)(1).  Since the Court granted Defendant's Motion to Dismiss with prejudice, the Court finds that Defendant is the prevailing party and thus,

Defendant should be awarded costs.

Defendant requests that he be awarded $350.00 for the removal filing fee under Fed. R. Civ. P. 54(d)(1).  The Court finds the $350 removal filing fee to be a reasonable and appropriate cost to award Defendant as the prevailing party and against Plaintiffs as the losing parties.[2] Accordingly, the Clerk of the Court is directed to tax costs in the total amount of $350 against Plaintiffs.

**SO ORDERED**.

_____
UNITED STATES DISTRICT JUDGE

---

[2] See W. v. New Mexico Taxation & Revenue Dep't, CIV 09-0631 JB/CG, 2011 WL 5223010 (D.N.M. Sept. 30, 2011), noting:

> 28 U.S.C. § 1920(1) states that a judge may tax as costs "fees of the clerk and marshal." 28 U.S.C. § 1920. Rule 54 provides that "costs" should be granted to the prevailing party, but D.N.M. LR–Civ. 54.2 does not include filing fees in its list of "taxable costs." Fed.R.Civ.P. 54; D.N.M. LR–Civ. 54.2. It appears that the majority of courts find that the filing fee after removal is a taxable cost. See Chism v. New Holland North America, No. 07–00150, 2010 WL 1961179, *3 (E.D.Ark. May 23, 2010); Covington v.. Arizona Beverage Co., No. 08–21894, 2011 WL 810592, *3 (S.D.Fla. Jan. 25, 2011); Roll v. Bowling Green Metal Forming, No. 09–00081, 2010 WL 3069106, *2 (W.D.Ky. Aug. 4, 2010). As one court noted, the removal statute, 28 U.S.C. § 1446(d), requires that the notice of removal be filed in federal court, and the removed case is thus subject to the court's filing fees, which is a taxable cost under § 1920. See McGuigan v. Cae Link Corp., 155 F.R.D. 31, 37 (N.D.N.Y.1994). Additionally, when the local rules and § 1920 are not in accord with regard to costs, the local rule does not limit the Court's statutory authority under § 1920. See Guidance Endodontics v. Dentsply Int'l, Inc., 2011 WL 2429208, *6 (D.N.M.2011) (Browning, J.)("The Court would therefore, were it bound by the local rules, waive the D.N.M. LR–Civ. 54.2(a)'s requirement because it would be an injustice not to award Guidance Endodontics the costs of producing the transcript, of which the Court and the parties made great use."). After examining the relevant law from the Court of Appeals for the Tenth Circuit, the Court explained that "[t]he Tenth Circuit appears to recognize that district courts have 'more general statutory authority' under 28 U.S .C. § 1920, beyond their local rules ... [and] that rule 54.2's plain language does not appear to limit the court's authority under 28 U.S.C. § 1920." [Id.] The Court went to conclude that "D.N.M. LR–Civ. 54.2(a) supplements, and does not circumscribe, 28 U.S.C. § 1920(2)." [Id.] The same reasoning applies here. Section 1920(1) clearly allows the court filing fee to be recovered as a taxable cost and its omission in D.N.M. LR–Civ.54.2 does not preclude recovery.